IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SAMUEL MCCLOUD, | : | PRISONER CIVIL RIGHTS |
| INMATE NO. 20029-001, | : | 28 U.S.C. § 1331 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:08-CV-0599-TCB-LTW |
| | : | |
| LOREN GRAYER; R. HOLT; | : | |
| HARLEY LAPPIN; and | : | |
| UNNAMED MEDICAL STAFF, | : | |
| Defendants. | : | |

### ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights action. The matter is before this Court for a 28 U.S.C. § 1915A frivolity screening.

I.  The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for damages in federal court, brought pursuant to 28 U.S.C. § 1331. "Because of the similarity in the causes of action, . . . [courts] 'generally apply § 1983 law to Bivens cases.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam)).

In order to state a claim for relief under Bivens or 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to

2

relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, but not his legal conclusions that are couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.     Discussion

   A.     Plaintiff's Allegations

Plaintiff, currently confined at the Federal Prison Camp in Atlanta, Georgia, states that he suffers from Type I Diabetes. (Doc. 1 at 3). When Plaintiff first arrived at the Federal Prison Camp in June of 2003, he "was placed on a close to normal routine of [g]lucose checks [and] insulin shots as prescribed." (Id.). At that time, Plaintiff had a "daily injection of Lantis at the 7 p.m. Pill Line, because the later taken, the less chance of a problem before the next Pill Line at 6:30 a.m." (Id.).

According to Plaintiff, in June of 2006, the 7:00 p.m. Pill Line was discontinued. (Doc. 1 at 3). However, according to one of Plaintiff's exhibits, the 7:00 p.m. Pill Line was discontinued on August 26, 2005. (Exhibit 4). Plaintiff alleges that closing this evening Pill Line has caused problems for him by

reducing the number the glucose tests he receives and forcing him to receive his Lantis shot at 3:00 p.m. and wait until 6:30 a.m. for his next one. (Doc. 1 at 3-4). Plaintiff also states that his glucose should be tested before each meal in order to help determine what he should eat, but as a result of the discontinued evening Pill Line, his glucose levels are not measured before the evening meal. (Id. at 3). Plaintiff sought, without success, to have a glucose meter placed at either the "Officer's Station, or providing one in the dorm, as I [Plaintiff] was not the only inmate with this problem." (Id.).

Plaintiff alleges that he "ultimately went into [d]iabetic [s]hock." (Id.). Prison officials treated Plaintiff promptly. (Id.). However, Plaintiff's "condition became worse, and I [Plaintiff] was rushed to the Southwest Community Hospital." (Id.; Exhibit 5). Plaintiff's exhibit shows that he was admitted into the hospital on March 31, 2004, and discharged on April 6, 2004. (Exhibits 1 and 5). Thus, based on the record provided by Plaintiff, he went into diabetic shock before the 7:00 p.m. Pill Line was discontinued.

Plaintiff also alleges that he was prescribed diabetic shoes. (Doc. 1 at 3). However, despite "countless appeals," Plaintiff alleges that he has "not received the shoes." (Id.).

4

Plaintiff shows that he began pursing relief via the Bureau of Prisons' ("BOP") administrative remedies on July 30, 2007. (Exhibit 12 at 1). On September 4, 2007, Defendant Grayer, Warden of the Federal Prison Camp, denied Plaintiff's initial administrative remedy request. (Id. at 3). On August 24, 2007, the Regional Director denied Plaintiff's appeal of Defendant Grayer's decision. (Id. at 5). On December 12, 2007, Plaintiff's appeal to the BOP's Central Office was received. (Exhibit 10). On February 14, 2008, the Central Office informed Plaintiff that "we are extending the time for response as provided for in the administrative remedy program statement." (Id.).

On February 19, 2008, Plaintiff executed the instant civil rights action, and it was received by this Court on February 21, 2008. (Doc. 1). Plaintiff alleges that Defendants have acted with "[d]eliberate [i]ndifference" to his "serious medical need." (Doc. 1 at 4). As relief, Plaintiff asks this Court to order Defendants to make "proper diabetes equipment available as prescribed by outside competent medical staff." (Id. at 8). Plaintiff also seeks compensatory and punitive damages. (Id.).

B. Exhaustion

Plaintiff alleges that he does not have to exhaust his administrative remedies before filing a federal civil rights action. (Id. at 5). However, 42 U.S.C.

5

§ 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See also Woodford v. Ngo, 548 U.S. 81, __, 126 S. Ct. 2378, 2384 (2006) (section "1997e(a) simply means that a prisoner may not bring suit in federal court until administrative remedies are no longer available"); Porter v. Nussle, 534 U.S. 516, 532 (2002) ("we hold that the . . . exhaustion requirement applies to all inmate suits about prison life"); Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998) ("exhaustion is now a pre-condition to [filing] suit").

The BOP's administrative remedy procedures requires a prisoner to first submit the "issue of concern informally to staff." 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the proposed informal resolution, he may begin seeking a formal resolution of the complaint by submitting a BP-9 to "the institution staff member designated to receive such [Administrative Remedy] Requests." 28 C.F.R. § 542.14(c)(4). The prisoner has twenty (20) days to appeal the decision of the designated staff member by submitting a BP-10 to the Regional Director. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he has thirty (30) days to file an appeal with the General Counsel by

6

AO 72A
(Rev 8/82)

submitting a BP-11. Id. Appeals to the General Counsel "shall be submitted on the form designed for Central Office Appeals." 28 C.F.R. § 542.15(b)(1). "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." Irwin v. Hawk, 40 F.3d 347, 349 n.2. (11th Cir. 1994).

As shown by Plaintiff, the Central Office extended the time it would respond to his appeal. Plaintiff's exhibit shows that a response was initially due on February 10, 2008. Title 28 C.F.R. § 542.18 provides for an extension of time "of 20 days at the Central Office level" to respond to a prisoner's appeal. Thus, the Central Office's decision was not due until March 1, 2008.

Plaintiff filed the instant civil rights action before the Central Office responded to his appeal. Thus, at the time this action was filed, Plaintiff failed to exhaust his available remedies. Even if the Central Office has denied Plaintiff relief since filing this action, it still must be dismissed because he failed to exhaust his BOP remedies at the time he brought this suit. Johnson v. Meadows, 418 F.3d 1152, 1155-56 (11th Cir. 2005) (discussing and concluding that a prisoner "must . . . exhaust the remedies available . . . . before pursing a . . . lawsuit" (quoting Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000)), cert. denied, __ U.S. __, 126 S. Ct. 2978 (2006).

7

Although the process may seem inefficient, the instant action should be dismissed without prejudice for failure to exhaust available remedies. If Plaintiff was denied relief by the Central Office, he may file his civil rights action anew.

III. Conclusion

**IT IS ORDERED** that the instant civil rights action [Doc. 1] is **DISMISSED** for failure to exhaust available administrative remedies. For the purpose of dismissal only, Plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED** nunc pro tunc to February 19, 2008. See Houston v. Lack, 487 U.S. 266 (1988); Garvey v. Vaughn, 993 F.2d 776 (11th Cir. 1993).

IT IS SO ORDERED, this 24th day of March, 2008.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)